IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dr. Isaac Brunson, ) | Case No. 3:22-cv-03921-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| Benedict College, Dr. Roslyn Clark ) | |
| Artis, Dr. Janeen Witty, Dr. Kimberly ) | |
| Haynes-Stephens, Mrs. Martha ) | |
| Smith, Gina Moore, Dr. Nuria Rojas, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' motion for summary judgment. [Doc. 137.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On June 30, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' Second Summary Judgment Motion be granted, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract, wrongful termination, and defamation. [Doc. 153.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 10.] On July 17 and 31, 2025, Plaintiff filed objections to the Report and Defendants filed a response. [Docs. 158; 159.]

**BACKGROUND**

This dispute arises out of wrongful treatment Plaintiff alleges he received during his time as a member of the faculty at Benedict College ("Benedict"), a Historically Black College in Columbia, South Carolina. [Doc. 30-1.] Defendants filed a motion for summary judgment ("Defendants' First Summary Judgment Motion") on December 18, 2023. [Doc. 87.] On September 25, 2024, this Court issued an Order granting that motion in part and denying it in part. [Doc. 124.] The Court granted the motion as to all claims except that it denied the motion as to Plaintiff's § 1981 retaliation claim to the extent that his claim is based on conduct other than his termination and denied it as to Plaintiff's state law claims. [*Id.* at 15.] The denial was without prejudice to Defendants' right to file a second summary judgment motion, and the Court recommitted this matter to the Magistrate Judge for consideration of Plaintiff's § 1981 claim and his state law claims. [*Id.*]

On November 18, 2024, Defendants filed their summary judgment motion on Plaintiff's remaining claims ("Defendants' Second Summary Judgment Motion"). [Doc. 137.] On January 15 and 22, 2025, Plaintiff filed a response opposing the motion on motion and Defendants filed a reply. [Docs. 145; 148.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in

whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Pleadings**

Plaintiff is proceeding pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the party proceeding pro se could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the pro se party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Section 1981**

Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The

Supreme Court of the United States has interpreted this statute "to forbid all racial discrimination in the making of private as well as public contracts." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987) (internal quotation marks omitted). To establish a prima facie case of retaliation under § 1981, a plaintiff must show "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (cleaned up). Section 1981 encompasses retaliation claims for opposing race discrimination in employment. *See CBOCS W., Inc., v. Humphries*, 553 U.S. 442, 446 (2008); *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 172 (4th Cir. 2020). "An employee opposes race discrimination when she communicates to her employer a belief that the employer has engaged in such discrimination." *Ali*, 832 F. App'x at 172 (internal quotation marks omitted).

## DISCUSSION

On June 30, 2025, the Magistrate Judge issued a Report recommending that Defendants' Second Summary Judgment Motion be granted. [Doc. 153.] As to Plaintiff's claim for retaliation claim under § 1981, the Magistrate Judge concluded that Plaintiff failed to allege or forecast evidence that he engaged in protected activity because the Amended Complaint alleges that Plaintiff was retaliated against because of his submission of a nine-page letter of "Student Treatment Concerns," which raised various issues but did not oppose racial discrimination. [*Id.* at 6–8.] In light of the Magistrate Judge's recommendation that summary judgment be granted to Defendants on the lone remaining federal claim, the Magistrate Judge also recommends declining to exercise

supplemental jurisdiction over Plaintiff's state law claims, which the Magistrate Judge concluded, "in the interest of comity, are more appropriate for consideration in South Carolina's courts because they include complex issues of state law." [*Id.* at 8.]

In his objections, Plaintiff presents several arguments, none of which challenge the Magistrate Judge's conclusion that Plaintiff has failed to create a genuine dispute of fact as to whether the retaliatory actions that he alleges were causally related to protected conduct. [*See* Doc. 158 at 22–26, 32–36.] Nonetheless, out of an abundance of caution for the pro se party, the Court has reviewed the issue de novo and agrees with the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's § 1981 retaliation claim on that basis.

Additionally, neither party has objected to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. Thus, the Court has reviewed the Report, the record, and the applicable law for clear error, and the Court finds none. The Court therefore accepts the Report and incorporates it by reference with respect to that issue.

## **CONCLUSION**

In sum, based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. For the reasons discussed, Defendants' Second Summary Judgment Motion [Doc. 137] is GRANTED. The Court declines to exercise supplemental jurisdiction over Plaintiff's state

5

law claims, and they are DISMISSED without prejudice so that Plaintiff can pursue them in state court if he wishes to do so.*

 IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

September 12, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

* The statute of limitations on these state law claims has been tolled while they were pending in federal court and remains tolled for a period of 30 days after they are dismissed. 28 U.S.C. § 1367(d).

6